DOTTIE WARD, as Administratrix De Bonis Non of the Estate of NOAH D. PALMITIER, Deceased, Respondent, v. POUGHKEEPSIE SAVINGS BANK, Appellant. — Appeal by defendant, upon questions of law and upon the facts, from a judgment of the Supreme Court entered in the Office of the Clerk of Ulster County on September 13, 1945, which adjudged that the plaintiff should recover from the defendant the sum of $12,720.30, and dismissed the second cause of action. The action was founded upon the claim that defendant had diverted funds of the estate to satisfy a personal obligation of the executor of the estate. *Ward* v. *Newburgh Savings Bank* was a similar case. It was before this court and is reported in 269 Appellate Division 525. It involves substantially the same facts. In that case judgment was directed for the plaintiff. The case at bar should follow that decision. Judgment affirmed, with costs. Heffernan, Brewster and Lawrence, JJ., concur; Hill, P. J., dissents; Foster, J., taking no part. [See *post*, pp. 868, 965.]

HAROLD C. HUKEY, Respondent, v. PILLSBURY MILLS, INC., Appellant.— Defendant-appellant questions plaintiff's recovery of damages for personal injuries in a case of negligence. The appeal raises the question as to whether there was a sufficiency of evidence to support the jury's findings that defendant's employee was operating its automobile, with its implied permission, at the time of the accident and that his negligent operation was its proximate cause. There was evidence upon which a reasonable mind could have so determined. Order and judgment affirmed, with costs. Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur; Foster, J., dissents.

JOHN SILVERSTRIM, Appellant, v. ATLANTIC STATES GAS COMPANY OF NEW YORK, INC., Respondent.— Appeal by plaintiff from a decision and order of the Supreme Court and from the judgment thereon, entered in the Office of the Clerk of Chemung County, May 4, 1945, dismissing the complaint upon the merits. The issues in this action were disposed of in an action originally brought by the plaintiff against the Mohawk Gas Company, Inc. Answer in that action was interposed and the plaintiff's attorney was advised by the attorneys for the defendant in the above-entitled action that the liabilities of the Mohawk Gas Company, Inc., had been assumed by the Atlantic States Gas Company of New York, Inc., the defendant in this action. An amended complaint was served, incorrectly stating the name of the defendant as "Atlantic States Gas Company, Inc.," and omitting the words "of New York". Answer was interposed by the attorneys for the defendant in the above-entitled action. The issues came on for trial and resulted in a judgment of dismissal. Plaintiff has appealed. He now contends that the court was without jurisdiction and the trial was a nullity. Defendant's attorneys, without authority to do so, have offered to stipulate amendment of all proceedings in the first action so that such proceedings may show that they apply to the defendant in the above-entitled action. Appeal dismissed, without costs. All concur.

In the Matter of the Claim of IVIE McNAUGHT, Respondent, against LOURIS AMUSEMENT CORPORATION et al., Appellants, and CENTRAL SURETY INSURANCE CORP., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion denied. All concur. [See *ante*, p. 100.]